IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| 350 MONTANA, MONTANA ENVIRONMENTAL INFORMATION CENTER, SIERRA CLUB, WILDEARTH GUARDIANS,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID BERNHARDT, in his official capacity as Acting Secretary of the Department of the Interior, U.S. OFFICE OF SURFACE MINING, an agency within the U.S. Department of the Interior, et al.,<br><br>Defendants,<br><br>and<br><br>SIGNAL PEAK ENERGY, LLC<br><br>Defendant-Intervenor. | CV 19–12–M–DWM<br><br>ORDER |

Signal Peak Energy, LLC ("Signal Peak") moves to intervene as a defendant in this case. (Doc. 7.) Signal Peak is the owner and operator of the Bull Mountains Mine. This case involves a challenge to the U.S. Office of Surface Mining's approval of a modification to the mining plan that expands the mine. Plaintiffs allege Defendants' Finding of No Significant Impact and Environmental

1

Assessment violate the National Environmental Policy Act and the Administrative Procedure Act. Signal Peak seeks intervention as of right under Federal Rule of Civil Procedure 24(a). No party opposes the motion.

"An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation marks omitted). Signal Peak meets these requirements.

First, Signal Peak's motion to intervene is timely as it was filed less than three weeks after the Complaint and before an answer has been filed. Second, Signal Peak has a significant protectable interest under Rule 24(a) as owner and operator of the mine at issue in this case, and Signal Peak has an interest in the modification of the mining plan, which Plaintiffs are challenging here. Third, the disposition of this action may impair or impede Signal Peak's ability to protect its interest because if Plaintiffs succeed, Signal Peak could be enjoined from operating the area of the mine covered by the modification. Finally, Plaintiffs and

Defendants may not adequately represent Signal Peak's interests because Signal Peak has a personal interest, while Plaintiffs and Defendants represent the public interest. *See Wildearth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996–97 (10th Cir. 2009).

Accordingly, IT IS ORDERED that Signal Peak's motion to intervene (Doc. 7) is GRANTED. Signal Peak shall re-file its answer as a separate docket entry in the case. The caption is modified as reflected above.

DATED this 12th day of February, 2019.

Donald W. Molloy, District Judge
United States District Court