Victoria A. Marquis
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, Montana  59103-0639
Telephone:  (406) 252-2166
Fax:  (406) 252-1669
Email:  vamarquis@hollandhart.com

John C. Martin
Holland & Hart LLP
975 F Street NW, Suite 900
Washington, DC  20004

25 South Willow Street, Suite 200
P.O. Box 68
Jackson, Wyoming 83001
Telephone:  (307) 739-9741
Fax:  (307) 739-9744
Email:  jcmartin@hollandhart.com

ATTORNEYS FOR SIGNAL PEAK ENERGY, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| 350 MONTANA, MONTANA ENVIRONMENTAL INFORMATION CENTER, SIERRA CLUB, WILDEARTH GUARDIANS, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>DAVID BERNHARDT, in his official capacity as Acting Secretary of the Department of the Interior, UNITED STATES OFFICE OF SURFACE MINING, an agency within the U.S. Department of Interior, et al, )<br><br>Defendants. )<br><br>and )<br><br>SIGNAL PEAK ENERGY, LLC, )<br><br>Defendant-Intervenor. ) | Case No. 9:19-cv-00012-DWM<br><br><br><br><br><br>**SIGNAL PEAK ENERGY, LLC'S PRELIMINARY PRETRIAL STATEMENT PURSUANT TO LOCAL RULE 16.2(b)(1)** |

Pursuant to the Court's Order dated January 22, 2019 (Doc. No. 5) and Rule 16.2(b)(1) of the Local Rules of Procedure for the United States District Court for the District of Montana, Defendant-Intervenor Signal Peak Energy, LLC ("Signal Peak") respectfully submits the following Preliminary Pretrial Statement.

## A.  Brief Factual Outline of the Case

The Office of Surface Mining Reclamation & Enforcement (the "Office of Surface Mining") first approved Signal Peak's proposed mine plan modification, which made available approximately 7000 acres of coal reserves to be added to the Bull Mountains Mine No. 1, in 2015.  The Montana Environmental Information Center and others filed suit in this Court under the Administrative Procedure Act ("APA") challenging the Office of Surface Mining's compliance with the National Environmental Policy Act ("NEPA") in authorizing the mine expansion.  *Mont. Envtl. Info. Ctr. v. Office of Surface Mining*, No. 9:15-cv-00106-DWM (D. Mont.). Montana Environmental Information Center argued that the Office of Surface Mining had failed to satisfy its NEPA obligation because it prepared an environmental assessment ("EA"), and, based on that EA, did not go on to prepare an environmental impact statement ("EIS").  Montana Environmental Information Center argued that the Office of Surface Mining failed to take a hard look at a variety of impacts of expanding the coal mine.  Signal Peak moved for and was

1

granted leave to intervene as of right in the case. *Mont. Envtl. Info. Ctr. v. Office of Surface Mining*, No. 9:15-cv-00106-DWM, Dkt. No. 12.

In an August 14, 2017 Order on the merits, this Court rejected many of Montana Environmental Information Center's claims in the preceding litigation, but found that the Office of Surface Mining had violated NEPA in three respects: (1) it had not adequately considered the indirect social, economic, and environmental effects of additional coal trains, (2) it failed to address the indirect non-local impacts of non-greenhouse gas emissions associated with burning coal, and (3) though the socioeconomic effects of mining had been quantified, it did not quantify the social costs of greenhouse gas emissions associated with burning coal. *See Mont. Envtl. Info. Ctr. v. Office of Surface Mining*, 274 F. Supp. 3d 1074 (D. Mont. 2017). The Court's order vacated and set aside the EA and remanded the matter to the Office of Surface Mining for further action consistent with the decision. The court also enjoined all mining of federal coal within the amended permit boundary, pending compliance with NEPA. That injunction was later modified to allow displacement of a limited amount of federal coal so that development work could continue, avoiding imminent layoffs of dozens of miners. *Mont. Envtl. Info. Ctr. v. Office of Surface Mining*, No. 9:15-cv-00106-DWM, Doc. Nos. 99, 102.

On remand to the Office of Surface Mining, the agency prepared a new EA to address the NEPA deficiencies identified by the Court's August 2017 order. In May 2018, the Office of Surface Mining completed the additional environmental review, and in August 2018, the Office of Surface Mining reauthorized the mine plan modification. Five months later, in January 2019, the Plaintiffs, including Montana Environmental Information Center, filed the present challenge to the new EA, alleging it suffers from the same flaws as the original EA, and requesting that the Court vacate and set aside the mine plan modification and enjoin all operations until the Federal Defendants conduct yet another round of NEPA review. Doc. Nos. 1, 11. In its First Amended Complaint, Plaintiffs allege two additional causes of action based on the Endangered Species Act ("ESA"). Doc. No. 11.

As the owner and operator of the Bull Mountains Mine, Signal Peak moved to intervene, and on February 12, 2019 that motion was granted. Doc. No. 9.

**B.    Federal Jurisdiction and Venue in the Division**

Signal Peak does not object to federal jurisdiction in this matter pursuant to 28 U.S.C. § 1331, as Plaintiffs' claims purportedly arise under NEPA, 42 U.S.C. §§ 4321-4370h, the APA, 5 U.S.C. §§ 701-706, and the ESA, 16 U.S.C. § 1540(g). Signal Peak does not object to venue in the Montana District, but respectfully reserves its objections to venue within the Missoula Division raised in its Answer to Plaintiffs' Amended Complaint. Doc. No. 13 at p. 36, Affirmative Defense C.

3

Signal Peak notes that none of the events underlying this dispute occurred within the Missoula Division.

## C.    Factual Bases of Claims or Defenses

The Office of Surface Mining's environmental review, completed in May 2018, and its reauthorization of the modified mine plan in August 2018 fully comply with all legal requirements, including the requirements of NEPA, the APA, and the ESA. The factual bases for Signal Peak's defenses on the merits are contained in the administrative record which has not yet been filed. Therefore, Signal Peak will provide the factual basis of its defenses after the administrative record is filed.

Plaintiffs have not yet filed any evidence in support of their standing to bring the present action. Signal Peak will provide the factual bases for its defenses related to the court's jurisdiction and the plaintiffs' standing after Plaintiffs provide any evidence in support of standing.

## D.    Legal Theory Underlying Claims or Defenses

As set forth in Signal Peak's Answer and Affirmative Defenses (Doc. No. 13), which are incorporated herein by reference, Signal Peak contends that Defendants fully complied with all legal requirements under NEPA, the APA, and the ESA in approving the modified mine plan that Plaintiffs challenge.

Plaintiffs fail to state claims because the record does not support their allegations of NEPA and ESA violations. The administrative record will show that

4

the Federal Defendants complied with NEPA by considering the context and intensity of the modified mine plan, and appropriately finding that the modified mine plan would not significantly affect the quality of the human environment; therefore, the decision to complete an EA instead of an EIS was appropriate and lawful, in accordance with both NEPA and the APA.  42 U.S.C. § 4332(2)(C); 40 C.F.R. § 1508.27; 5 U.S.C. § 706(2)(A).  The administrative record will also show that the Federal Defendants appropriately considered adverse environmental effects, including indirect and cumulative impacts, that they took an appropriate hard look at greenhouse gas emissions, and considered an appropriate range of alternatives in the EA for the modified mine plan.  Therefore, the Federal Defendants' decisions at issue in this case did not violate NEPA or the APA.  42 U.S.C. § 4332(2)(C); 40 C.F.R. § 1508.25; 40 C.F.R. § 1502.2(e); 40 C.F.R. § 1502.14(a); 5 U.S.C. § 706(2)(A).

Similarly, the administrative record will show that the Federal Defendants reached an appropriate and lawful no effect determination with respect to the modified mine plan's impact on grizzly bears and an appropriate and lawful no effect determination with respect to long-eared bats.  Therefore, the Federal Defendants' decisions at issue in this case did not violate the ESA or the APA. 16 U.S.C. § 1536; 5 U.S.C. § 706(2)(A).

Some or all of the Plaintiffs likely lack standing per the requirements previously articulated by this Court. *Mont. Envtl. Info. Ctr. v. Office of Surface Mining*, No. 9:15-cv-00106-DWM, Doc. No. 60.

Signal Peak reserves the right to assert additional legal theories after the administrative record has been filed and after additional discovery, if necessary.

## E.    Computation of Damages

Signal Peak denies that Plaintiffs are entitled to any of the relief requested in their Amended Complaint, including fees, costs, and other expenses. Doc. No. 11, p. 38. If, however, Plaintiffs are granted the full relief requested in their Amended Complaint, Signal Peak and many others would suffer significant damages. Such damages may include a costly delay, or an inability, to mine a significant amount of coal which has been properly leased, properly permitted, and is subject to a valid federal mine plan. Further, Signal Peak is a significant employer and taxpayer within the region and in Montana. Accordingly, were Plaintiffs to obtain the relief requested in their Amended Complaint, Signal Peak (including its employees and their families), the region, and the state would all suffer damages.

## F.    Pendency or Disposition of Related Litigation

The following three cases are related to the present litigation by virtue of involving the same mine:

6

- *Mont. Envtl. Info. Ctr. v. Office of Surface Mining*, No. 9:15-cv-00106-DWM (D. Mont.) (prior mine plan approval vacated and case remanded).

- *Northern Plains Resource Council, Inc. v. U.S. BLM,* No. 16-35447 (9th Cir. Feb. 27, 2018) (BLM decision to lease federal coal to Signal Peak upheld).

- *In the Matter of: Appeal Amendment Application AM3, Signal Peak Energy LLC's Bull Mountain Mine No. 1,* (Mont. Bd. Env. Rev.) (pending administrative challenge to state mining permit issued by the Montana District of Environmental Quality).

**G.    Proposed Stipulations of Fact and Understanding of What Law Applies**

The parties have not stipulated to any facts.  The relevant facts will be set forth in the administrative record to be filed by the Federal Defendants.  Based on Plaintiffs' Amended Complaint, it appears that the applicable law will be contained in NEPA, the APA, the ESA and related case law.  Signal Peak reserves its right to amend or supplement this response after review of the administrative record and Plaintiffs' future filings in this case.

**H.     Proposed Deadlines Relating to Joinder of Parties or Amendments of the Pleadings**

Signal Peak does not expect to join additional parties or to amend its Answer and Affirmative Defenses to the Amended Complaint.

**I.     Identification of Controlling Issues of Law Suitable for Pretrial Disposition**

As a challenge to an administrative decision, disposition of the merits of this case will be on motions for summary judgment as supported by the administrative record.  However, an evidentiary hearing or trial before the Court may be necessary based on the administrative record and Plaintiffs' future filings, In particular, such a hearing may be necessary to develop facts regarding Plaintiffs' standing and the appropriate remedy (if any).

**J.     Individuals Known or Believed to Have Information that May be Used in Proving or Denying any Party's Claims or Defenses**

The information necessary for the resolution of the merits of this case will likely be limited to the administrative record; however, Signal Peak reserves the right to supplement this response and identify individuals, including mine employees, consultants, and federal employees, who have information that may be used to deny Plaintiffs' claims and/or to prove Signal Peak's defenses.

Plaintiffs have not yet made any showing in support of their claim of standing.  Signal Peak reserves the right to identify any individuals with

information relevant to Signal Peak's contention that Plaintiffs may lack

standing until such time as Plaintiffs make the appropriate demonstration.

Plaintiffs have indicated that they may seek preliminary injunctive relief

but have not yet made such a request nor have they demonstrated that such an

extraordinary remedy is warranted under the traditional four-factor test. Prior to

the imposition of any equitable relief, Signal Peak anticipates presenting

evidence regarding the harm such relief would cause. Signal Peak anticipates

this would involve testimony from Signal Peak officers and employees and

reserves the right to identify additional witnesses upon reviewing Plaintiffs'

supported request for injunctive relief.

**K.     Substance of Any Insurance Agreement that May Cover Resulting Judgment**

Because Plaintiffs have challenged an administrative agency's action,

Signal Peak does not believe that any insurance agreements will be applicable

with respect to this matter.

**L.     Status of Any Settlement Discussions and Prospects for Compromise of the Case**

At this time, Signal Peak is not aware of any settlement discussions in this

case. Based on the litigation history between the parties and specific to the Bull

Mountains Mine, it seems unlikely that this case could be resolved by settlement or

compromise; however, Signal Peak remains open for discussions with the parties.

## M.    Suitability of Special Procedures

Signal Peak does not anticipate the need for any special procedures in this case.

Dated this 8th day of April, 2019.

/s/ John C. Martin
John C. Martin
Holland & Hart LLP
975 F Street NW, Suite 900
Washington, DC  20004
25 South Willow Street, Suite 200
P.O. Box 68
Jackson, Wyoming 83001
Telephone:  (307) 739-9741
Fax:  (307) 739-9744
Email:  jcmartin@hollandhart.com

Victoria A. Marquis
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, Montana  59103-0639
Telephone:  (406) 252-2166
Fax:  (406) 252-1669
Email:  vamarquis@hollandhart.com

12247847_1.docx