IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| 350 MONTANA, et al., | CV 19–12–M–DWM |
| Plaintiffs, | |
| vs. | ORDER |
| DEB HAALAND, et al., | |
| Defendants, | |
| and | |
| SIGNAL PEAK ENERGY, LLC, | |
| Defendant-Intervenor. | |

On October 14, 2022, the Ninth Circuit Court of Appeals affirmed in part and reversed in part the Court's order (Doc. 59) and remanded the matter for further proceedings (Doc. 101-1). On December 2, 2022, the Court held a status hearing to consider how to conduct the additional factfinding ordered by the Ninth

Circuit on whether vacatur of the United States Department of the Interior's approval of the Signal Peak Energy, LLC mine expansion is warranted.

Vacatur is the presumptive remedy under the Administrative Procedure Act, *Alliance for the Wild Rockies v. United States Forest Service*, 907 F.3d 1105, 1121–22 (9th Cir. 2018), and remand without vacatur is only ordered in "limited circumstances" *Pollinator Stewardship Council v. EPA*, 806 F.3d 520, 532 (9th Cir. 2015) (quoting *Cal. Cmties. Against Toxics v. EPA*, 688 F.3d 989, 994 (9th Cir. 2012)). "Whether agency action should be vacated depends on how serious the agency's errors are and the disruptive consequences of an interim change that may itself be changed." *Nat'l Family Farm Coal. v. EPA*, 966 F.3d 893, 929 (9th Cir. 2020) (quoting *Cal. Cmties. Against Toxics*, 688 F.3d at 992).

The Ninth Circuit remanded this matter because "the record is unclear about the extent to which the agency is capable of resolving uncertainty regarding the magnitude of the project's contribution to the environmental harms identified in the EA, and there is a dearth of evidence concerning the impact of vacatur, including whether Signal Peak is currently mining federal coal or state coal." (Doc. 101-1 at 44); s*ee also Cal. Cmties. Against Toxics*, 688 F.3d at 993–94 (considering environmental, economic, and energy-related consequences of vacatur). Accordingly,

IT IS ORDERED that the parties file briefs no longer than 15 pages in length by January 20, 2023 regarding the consequences of vacatur and whether there are any issues that may require an evidentiary hearing.

DATED this 5th day of December, 2022.

Donald W. Molloy, District Judge
United States District Court